IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

REBECCA FLOYD                                                                                                    PLAINTIFF

vs.                                         Civil No. 6:09-cv-06061

MICHAEL J. ASTRUE                                                                                        DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Rebecca Floyd ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed her applications for DIB and SSI on September 21, 2005.  (Tr. 88).  Plaintiff alleged she was disabled due to back pain.  (Tr. 128).  Plaintiff alleged an onset date of July 15,

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."  The transcript pages for this case are referenced by the designation "Tr."

1

2005. (Tr. 83). These applications were initially denied on October 31, 2005 and were denied again on reconsideration on March 3, 2006. (Tr. 66, 72).

On March 9, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 32). This hearing was held on May 17, 2007 in Hot Springs, Arkansas. (Tr. 36-63). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *See id.* Plaintiff, her husband Randy Floyd, and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a 7th grade education. (Tr. 39).

On July 18, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-17). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 15, 2005. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the severe impairment of back pain. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-16). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally credible. (Tr. 15). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to lift and/or carry less than ten pounds frequently or twenty pounds occasionally; stand and/or walk for a total of six hours in an eight-hour workday; sit for a total of six hours with no frequent bending or

stooping. Plaintiff was further restricted from prolonged walking, standing, and sitting. (Tr. 14-16, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 16-17, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 40-42, 61-63). Based upon this testimony, the ALJ determined considering her RFC, that Plaintiff would be unable to perform her PRW. (Tr. 16, Finding 6).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 16, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as security guard with approximately 700,000 such jobs in the nation and 4,000 such jobs in Arkansas, survey worker with approximately 100,000 such jobs in the nation and 500 such jobs in Arkansas, and work as a day care worker with approximately 200,000 such jobs in the nation, and 2,000 such jobs in Arkansas. (Tr. 62). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act since July 15, 2005, which was the alleged onset date. (Tr. 17, Finding 11).

On July 23, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On June 10, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On July 24, 2009, Plaintiff filed the present appeal. (ECF No. 1). The parties consented to the jurisdiction of this Court on August 31, 2009. (ECF No. 5). Both parties have filed appeal briefs. (ECF Nos. 10,11). This case is now ready for decision.

2. <u>**Applicable Law:**</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming (1) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain and erred in his evaluation of Plaintiff's credibility and, (2) the ALJ erred in his RFC assessment. In response, Defendant argues (1) the ALJ properly considered Plaintiff's subjective complaints of pain and, (2) the ALJ properly determined Plaintiff's RFC.

**A. Credibility Determination**

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski*

*v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 14-16). Specifically, the ALJ noted the following: (1) Plaintiff's daily activities are not consistent with a disabling condition, (2) Plaintiff's use of over the counter medication for pain relief, (3) Plaintiff's MRI showed no disc herniation, (4) no health care provide restricted Plaintiff from all work activities, and (5) Plaintiff's Functional Capacity Evaluation showed Plaintiff could perform work at the light level with limitations. (Tr. 15-16).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. RFC Determination

Plaintiff claims the medical evidence does not support the ALJ's RFC determination. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform work at less than the full range of light work activity.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to

Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to lift and/or carry less than ten pounds frequently or twenty pounds occasionally; stand and/or walk for a total of six hours in an eight-hour workday; sit for a total of six hours with no frequent bending or stooping.  Plaintiff was further restricted from prolonged walking, standing, and sitting. (Tr. 14-16, Finding 5).

Plaintiff alleged she was disabled due to back pain.  (Tr. 128).  Plaintiff was seen at the Hot Springs Medical Group on September 17, 2001 with complaints of back pain.  (Tr. 192).  Plaintiff was diagnosed with a lumbar strain.  (Tr. 192).  Plaintiff underwent a MRI of the lumbar spine on December 27, 2001.  (Tr. 196).  The MRI showed a mild disc degeneration with dessication and loss

of disc space height at L3- 4 through L5-S1, with no significant disc bulge, herniation, or canal stenosis. (Tr. 196).

Plaintiff was seen by Dr. John Pace on January 14, 2002 with complaints of low back pain right greater than left, with no radicular pain. (Tr. 182). Dr. Pace indicated there was no radicular pain, a tender S/I joint, negative straight leg raise testing, and normal motor power at 5/5. (Tr. 182). On January 21, 2002, Plaintiff had a bone scan which showed a slight increase in activity at L3 compatible with arthritis, but no other significant abnormality. (Tr. 178). Plaintiff had a follow up visit with Dr. Pace on February 4, 2002. (Tr. 177). Dr. Pace indicated Plaintiff's lumbar osteoarthritis improved with Celebrex. (Tr. 177).

On December 11, 2004, Plaintiff was examined by Dr. Thomas Minnich for low back pain. (Tr. 155). Plaintiff denied radiation of pain into her legs or numbness. (Tr. 155). Dr. Minnich indicated Plaintiff's left leg was positive on straight leg raising testing, and she was tender to palpation in the left paralumbar region of her back. (Tr. 155). Plaintiff was told too follow-up with a primary care physician and advised to avoid bending, lifting, and prolonged sitting. (Tr.155).

On April 28, 2006, Plaintiff was examined at St. Joseph's Rehabilitation Services for a Functional Capacity Evaluation. (Tr. 204-221). The report determined Plaintiff retained the capacity to lift and carry in the light work category and retained light strength category RFC. (Tr. 210). The report indicated Plaintiff might have difficulty maintaining work activities that required frequent bending, stooping, or prolonged walking, standing, and sitting. (Tr. 210). The report found Plaintiff's pain rating index score of 52 tended to suggest Plaintiff might be exaggerating her symptoms. (Tr. 205). Also, other testing of grip strength and isometric strength revealed inconsistent efforts. (Tr. 206, 208).

The ALJ also noted that no physician placed any functional restrictions on Plaintiff's

activities that would preclude Plaintiff from performing a wide range of sedentary work. (Tr. 17). Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of July, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE